IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 4:04CR3025 |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER ON |
| | ) | MOTION TO UNSEAL, ORAL REQUEST |
| JOSE ALBERTO PEREZ, | ) | FOR SECOND REVISED PRESENTENCE |
| | ) | INVESTIGATION REPORT AND ORAL |
| Defendant. | ) | MOTION FOR CONTINUANCE OF |
| | ) | EVIDENTIARY HEARING AND |
| | | SENTENCING |

After consultation with counsel today, where the probation officer requested opportunity to prepare a second revised presentence investigation report and defense counsel moved for a continuance of the evidentiary hearing and sentencing that has been scheduled for today,

IT IS ORDERED that:

1. the motion to unseal, filing 34, is moot, inasmuch as unsealing has already been accomplished;

2. the following schedule and procedure for sentencing is established:

   a. **June 24, 2005:**  Preparation and delivering to counsel of a second revised presentence report;

   b. **July 5, 2005:**  Objections by counsel to the second revised presentence report;

   c. **July 15, 2005:**  Submission to the sentencing jduge and counsel by the probation officer and counsel of the second revised presentence report with changes, if any, responsive to counsels' objections, and, if needed, an addendum explaining probation officer's position regarding the objections;

   d. **July 22, 2005:**
      (1)   Any proposals to the probation office for community service, community confinement, intermittent confinement or home detention;

      (2)   Motions to the court:
         (a) for <u>departure</u> under the guidelines (including, but not

limited to, motions by the government); and

(b) for <u>deviation or variance</u> from the guidelines as allowed by the Supreme Court's decision in *United States v. Booker*, 125 S. Ct. 738 (2005) or its progeny;

(3) Counsel's filing and serving on all other parties and the probation officer a written statement of position respecting each of the unresolved objections to the second revised presentence report, including the specific nature of each objection.

(4) If evidence is to be offered in support of or in opposition to a motion under subparagraph (2) of this paragraph d. or in support of or in opposition to an objection under subparagraph (3) of this paragraph, it must be: by affidavit, letter, report or other document <u>attached to the statement</u> of position <u>or</u> by oral testimony at the sentencing hearing. If oral testimony is desired, a <u>request must be made in the statement</u> of position and the statement of position must reveal (i) the nature of the expected testimony, (ii) the necessity for oral testimony, instead of documentary evidence, such as affidavits, (iii) the identity of each proposed witness, and (iv) the length of time anticipated for presentation of the direct examination of the witness or witnesses. If a request for oral or documentary evidence is made by one party but not by the adverse party, the adverse party within five working days thereafter may make a responsive request for oral or documentary evidence, setting out details in the same manner as required by this paragraph d(4).

(5) Motions for <u>departure</u> should be supported by a brief that explains why the departure from the guidelines sentencing range is justified by normal guideline departure theory. Motions for <u>deviation</u> or <u>variance</u> from the guidelines as allowed under *Booker* or its progeny should be supported by a brief that explains why a sentence other than that called for under the guidelines is justified by a principle of law that is different in kind or degree from the normal principles of law applied under a strict application of the guidelines.

(6) It is expected that any objection first raised in a party's statement of position will be addressed at the judge's discretion, and that no consideration will be given to any sentencing factor first raised after the filing of the written statement.

  e.  **July 29, 2005:** Judge's notice to counsel of ruling, tentative findings,

       whether oral testimony is to be permitted, and how objections to tentative findings may be made; and

       f.    **August 8, 2005, at 3:00 p.m.:**   Sentencing before Judge Urbom.

3.    The probation officer is directed to provide copies of any sentencing recommendation to counsel for the government and counsel for the defendant at the time the recommendation is submitted to the sentencing judge.

4.    The oral motion for continuance is granted as previously scheduled in this order.

Dated June 21, 2005.

       BY THE COURT

       s/ Warren K. Urbom
       United States Senior District Judge